The Honorable Mike Beebe State Senator 211 W. Arch Street Searcy, Arkansas 72143
Dear Senator Beebe:
This is in response to your request for an opinion on the interpretation of Act 1151 of 1993 in light of applicable State Board of Education Rules and Regulations. The act to which you refer provides in pertinent part as follows:
 (a)(1) No school district shall deny a teacher the opportunity to attend instructional staff development sessions of the annual Arkansas Education Association (AEA) convention. Teachers may count up to two (2) days of five and one-half (5 1/2) hours each of attendance at instructional professional development sessions of the annual AEA convention toward fulfillment of the five (5) days of staff development required by the Standards for Accreditation of Arkansas Public Schools, provided that the sessions have been certified by the State Department of Education.
You note that A.C.A. § 6-17-1001 (Cum. Supp. 1993) sets forth the minimum salaries to be paid teachers and provides that such pay shall be for contract days not exceed the number set by the Standards for Accreditation of Arkansas Schools. You note that currently, the Standards require 178 days of classroom instruction time. (The contract number of days is actually 185, with two days set aside for parent/teacher conferences, and five days set aside for staff development and in service training).See Rules and Regulations of the State Board of Education, § V (A)(1) and (2). Teacher contracts thus call for 178 days of instruction time. You also note, however, that although the Standards require teachers to complete 27 1/2 hours of staff development and districts are to provide five days of such staff development, the Standards also provide that activities conducted during time for which a substitute has to be hired to release the teacher from classroom duties cannot be counted for attendance by the teacher for the five days of staff development because these classroom duties are a part of the teacher contract. (See Rules and Regulations, § 5.02 which states that "[s]tudent interaction days cannot be counted as staff development days.")
In light of these facts, you ask whether Act 1151 of 1993 (which grants the right to attend the AEA convention) conflicts with A.C.A. § 6-17-1001 and the Standards for Accreditation of Arkansas Public Schools. You also ask, whether, if there is such a conflict, the new act amends § 6-17-1001 and the Standards for Accreditation such that if a teacher attends the AEA development session during student interaction days, his or her contract rate of pay would be reduced by these two days attendance at the convention. Stated a different way, you ask whether Act 1151 effectively amends the standards to require school district to hire substitute teachers to facilitate the attendance of the district's teachers to the convention, and whether the district must in fact pay the teachers their full contract rate of pay if they do attend.
It is my opinion that in some instances, Act 1151 of 1993 may conflict with the Standards for Accreditation for Arkansas Public Schools. The standards state that "student interaction" days may not be counted toward fulfillment of staff development. If the staff development sessions of the AEA convention occur on "student interaction" days, the act is contrary to the Standards. The act clearly allows teachers to receive staff development credit for attendance at the AEA convention sessions (if the sessions have been certified by the Department of Education). In my opinion therefore, the act supersedes the standards on this point, and authorizes credit for attendance at the AEA sessions toward fulfillment of the five days of required staff development even if the sessions occur on student interaction days.
Your specific question, however, refers to teacher pay. This question is more difficult to answer without reference to specific facts and may require reference to a particular school district calendar. It is my opinion, generally, however, that a teacher's contract pay should not be reduced if the teacher opts to attend the AEA sessions, (as long as the sessions are certified by the Department of Education). This conclusion, in my opinion, is consistent with the legislative intent to allow teachers to attend these sessions. In fact, the Standards provide that teachers shall not be required to take personal leave to attend the sessions. See Rules and Regulation 5.03. If they are not required to take personal leave, then certainly their pay is not to be reduced because of such attendance. If the school district cannot set aside the AEA convention dates as staff development days on the school calendar, or otherwise give teachers the option to attend these sessions as two of their staff development days (so that they are not also counted as student interaction days), then in my opinion the district must allow the teachers to attend and must continue to pay the full contract rate of pay despite the fact that the sessions occur on "student interaction" days.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh